# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-2413

———————

| | | |
|---|---|---|
| Ronald D. Clark, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Francis Howell School District, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

———————

Submitted: September 16, 2002

Filed: September 27, 2002

———————

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

———————

PER CURIAM.

Ronald D. Clark appeals the district court's[*] adverse grant of summary judgment in his employment discrimination case against Francis Howell School District (the district). Clark alleges the district discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, and on the basis of his sex in violation of Title VII. Clark contends the alleged discrimination also violated the Missouri Human Rights Act (MHRA). Further, Clark

———————

[*]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

raises two supplemental state law claims: breach of contract and promissory estoppel. We review the district court's decision de novo, noting summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Donovan v. Harrah's Maryland Heights Corp., 289 F.3d 527, 528-29 (8th Cir. 2002) (standard of review).

The district employed Clark as a custodian from February 17, 1997 until he resigned on March 27, 2000. On September 2, 1999, Clark told the district's insurance specialist he had injured his back while working. Six days later, Clark was treated by a physician who determined Clark was unable to work but should be reevaluated soon. During the reevaluation on September 13, a physician documented Clark could return to work the next day with restrictions. Clark then told the physician the district could not accommodate those restrictions (although he had not asked the district to do so), and the physician told Clark to take another week off from work. Relying on the physician's September 13 written report, the district determined it could accommodate Clark's restrictions and ordered Clark to return to work. A custodial manager for the district told Clark he could use sick leave time rather than return to work, but then a higher-ranking district employee immediately left a voicemail message at Clark's home clarifying Clark could not use sick leave because the district was able to accommodate his restrictions. On September 20, a physician determined Clark could work with the same restrictions issued on September 13. Clark then contacted two district employees who both instructed him to return to work immediately. On September 22, a physician–at Clark's request–released Clark to return to work full-time without restrictions. The district again denied Clark's request to use sick leave rather than return to work. Clark visited an emergency care facility in an attempt to secure a doctor's note so he could use sick leave; the facility, however, documented that Clark could return to work on September 23.

On September 23, Clark received a memo from the district outlining its workers' compensation policies and specifically stating that an employee who does

not return to work when the district can accommodate his or her restrictions cannot draw workers' compensation wages or use sick leave time. Clark returned to work on September 24 and was not paid for the eight days of work he had missed after the district indicated it could accommodate his restrictions. Clark continued to take more sick leave time than he had earned until his resignation in March 2000. Although Clark's letter of resignation stated he needed a better paying job, Clark now claims he resigned because of back pain.

Clark does not allege direct evidence of discrimination, thus he must establish a prima facie case of discrimination. Ross v. Kansas City Power & Light Co., 293 F.3d 1041, 1045-46 (8th Cir. 2002). We agree with the district court that Clark's race and sex discrimination claims fail because he does not allege similarly situated persons were allowed to utilize accrued sick leave time in lieu of returning to modified work duty. See id. at 1046 (listing elements of a prima facie case of employment discrimination). Clark claims Judy Garrett, a white woman custodial worker employed by the district, had similar restrictions because of an injury yet was treated better than he was. Garrett is not similarly situated to Clark for several reasons, however. First, Garrett's restrictions were initially more severe than Clark's and the district was unable to accommodate her restrictions at first. Second, when the district requested that Garrett return to modified work duty, she complied. Third, Garrett never requested or was granted permission to use sick leave time rather than return to modified work duty. Because Clark cannot establish a prima facie case of race or sex discrimination, we affirm summary judgment on his claims brought under Title VII, § 1981, and MHRA.

We now turn to Clark's claims of breach of contract and promissory estoppel. Again, we agree with the district court. Under Missouri law, a contract entered into by a municipality, such as a school district, must be written, signed, and dated. Mo. Rev. Stat. § 432.070 (2000). Clark claims the district is bound under contract law by its employee's oral statement that Clark could use sick leave rather than return to

work.  This claim fails because the oral statement is not a contract.  Further, under Missouri law, a theory of promissory estoppel or implied contact cannot be used to circumvent the statutory requirement that a contract must be in writing. Klotz v. Savannah R-III Sch. Dist., 747 S.W.2d 708, 710 (Mo. Ct. App. 1988).

For the reasons stated above, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.