# IN THE COURT OF APPEALS OF IOWA

No. 17-0742
Filed January 10, 2018

**APRIL DENISE ORRIS,**
        Petitioner-Appellant,

**vs.**

**COLLEGE COMMUNITY SCHOOL DISTRICT**
**and EMC INSURANCE COMPANY,**
        Respondents-Appellees.
_____

        Appeal from the Iowa District Court for Linn County, Mitchell E. Turner,

Judge.


        April Orris appeals a district court ruling on her petition for judicial review

of a determination of the workers' compensation commissioner.  **AFFIRMED.**



        Thomas M. Wertz of Wertz, Dake & Anderson, P.C., Cedar Rapids, for

appellant.

        Valerie A. Landis of Hopkins & Huebner, P.C., Des Moines, for appellees.



        Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

April Orris appeals a district court ruling on her petition for judicial review of a determination of the workers' compensation commissioner. She contends the district court erred in finding substantial evidence supported the commissioner's rejection of an uncontroverted expert opinion regarding the causation of her worsened condition.

## I.     Background Facts and Proceedings

In May 2005, Orris was injured in the course of her employment with College Community School District (CCSD). *Coll. Cmty. Sch. Dist. v. Orris*, No. 11-1848, 2012 WL 2407558, at *1 (Iowa Ct. App. June 27, 2012), *further review denied* (Aug. 21, 2012). In 2008, Orris filed a workers' compensation claim against CCSD and its workers' compensation insurance carrier, EMC Insurance Company. *See id.* at *2. Following agency and judicial-review proceedings, this court affirmed (1) the agency's initial arbitration determination that, among other things, "Orris suffered from fibromyalgia aggravated by the work injury, as well as chronic pain" and (2) the resulting award of "permanent partial disability benefits equal to thirty-percent industrial disability." *Id.* at *2–4.

In December 2013, Orris filed a review-reopening petition seeking an increase of her award. *See* Iowa Code § 86.14(2) (2013). She contended her fibromyalgia condition had substantially worsened since the 2009 arbitration hearing and her award should therefore be increased. Following hearing, the deputy commissioner concluded Orris proved "by a preponderance of the evidence that her fibromyalgia condition or symptoms have substantially changed and worsened since the 2009 arbitration hearing." However, the deputy

commissioner went on to conclude Orris "failed to prove that her increase or exacerbation of fibromyalgia symptoms is causally related to her initial work injury in May 2005." The deputy commissioner therefore denied Orris's request for an increase in benefits. On appeal, the commissioner affirmed the deputy commissioner's ruling in its entirety.

Orris filed a petition for judicial review of the agency decision. The district court ultimately affirmed the agency determination, concluding:

> It was appropriate for [the agency] to find that Ms. Orris failed in her burden to prove that the worsening of her fibromyalgia symptoms was causally related to her 2005 injury. The Court has reviewed the entire record and concludes that the final agency action in this matter is sufficiently stated and supported by substantial evidence in the record and should not be disturbed on judicial review.

As noted, Orris appeals.

## II. Standard of Review

"Judicial review of agency decisions is governed by Iowa Code section 17A.19." *Brakke v. Iowa Dep't of Nat. Res.*, 897 N.W.2d 522, 530 (Iowa 2017) (quoting *Kay-Decker v. Iowa State Bd. of Tax Review*, 857 N.W.2d 216, 222 (Iowa 2014)); *accord Warren Props. v. Stewart*, 864 N.W.2d 307, 311 (Iowa 2015). The district court acts in an appellate capacity in judicial-review proceedings. *Iowa Med. Soc'y v. Iowa Bd. of Nursing*, 831 N.W.2d 826, 838 (Iowa 2013) (quoting *City of Sioux City v. GME, Ltd.*, 584 N.W.2d 322, 324 (Iowa 1998)). On appeal, this court "appl[ies] the standards of section 17A.19(10) to determine if we reach the same results as the district court." *Brakke*, 897 N.W.2d at 530 (quoting *Renda v. Iowa Civil Rights Comm'n*, 784 N.W.2d 8, 10 (Iowa 2010)); *accord Des Moines Area Transit Auth. v. Young*, 867 N.W.2d 839, 842

(Iowa 2015). Relief in a judicial-review proceeding is appropriate only "if the agency action prejudiced the substantial rights of the petitioner and if the agency action falls within one of the criteria listed in section 17A.19(10)(a) through (n)." *Brakke*, 897 N.W.2d at 530.

"Our review of a decision of the workers' compensation commissioner varies depending on the type of error allegedly committed by the commissioner." *Jacobson Transp. Co. v. Harris*, 778 N.W.2d 192, 196 (Iowa 2010). Where, as here, the alleged "error is one of fact, we must determine if the commissioner's findings are supported by substantial evidence." *Id.*; *see* Iowa Code § 17A.19(10)(f). This court is not entitled to reweigh the evidence in a substantial-evidence review—we only determine whether substantial evidence supports the agency finding. *Arndt v. City of Le Claire*, 728 N.W.2d 389, 394–95 (Iowa 2007). "Evidence is substantial when a reasonable person could accept it as adequate to reach the same findings." *Bearinger v. Iowa Dep't of Transp.*, 844 N.W.2d 104, 106 (quoting *Ludtke v. Iowa Dep't of Transp.*, 646 N.W.2d 62, 65 (Iowa 2002)). "If the agency's findings are supported by substantial evidence, those findings are binding upon us." *Fed. Express Corp. v. Mason City Human Rights Comm'n*, 852 N.W.2d 509, 510–11 (Iowa Ct. App. 2014).

## III. Analysis

Orris argues the district court erred in finding substantial evidence supported the commissioner's rejection of an allegedly uncontroverted expert opinion regarding the causation of her worsened condition.

"[T]he workers' compensation commissioner is authorized to 'reopen an award for payments or agreement for settlement . . . [to inquire] into whether or

not the condition of the employee warrants an . . . increase of compensation so awarded or agreed upon." *Kohlhass v. Hog Slat, Inc.*, 777 N.W.2d 387, 391 (Iowa 2009) (first ellipsis and alteration in original) (quoting Iowa Code § 86.14(2)). "The workers' compensation statutory scheme contemplates that future developments (post-award and post-settlement developments), including the worsening of a physical condition . . . , should be addressed in review-reopening proceedings." *Id.* at 392. Although a claimant is not required to show his or her current condition was not contemplated by the commissioner at the time of the original hearing, when an increase in compensation is sought, "the employee bears the burden of establishing by a preponderance of the evidence that his or her current condition was 'proximately caused by the original injury.'" *Id.* at 392–93 (quoting *Simonson v. Snap-on Tools Corp.*, 588 N.W.2d 430, 434 (Iowa 1999)). "A cause is proximate if it is a substantial factor in bringing about the result"—"[i]t only needs to be one cause, it does not have to be the only cause." *Blacksmith v. All-American, Inc.*, 290 N.W.2d 348, 354 (Iowa 1980). Where the worsened condition underlying the request for an increase in benefits is a result of factors independent of the original work injury, there is no causal nexus between the injury and the worsened condition. *See US West Commc'ns, Inc. v. Overholser*, 566 N.W.2d 873, 877 (Iowa 1997). The burden is on the claimant to prove the original injury was a proximate cause of his or her subsequent condition; "a possibility is insufficient; a probability is necessary." *Sondag v. Ferris Hardware*, 220 N.W.2d 903, 905 (Iowa 1974). Whether the worsened condition has a direct causal connection with the employment or arose independently thereof is essentially within the domain of expert testimony, and

"the weight to be given such an opinion is for the finder of fact." *Bodish v. Fischer, Inc.*, 133 N.W.2d 867, 870 (Iowa 1965). "If the agency's findings are supported by substantial evidence, those findings are binding upon us." *Fed. Express Corp.*, 852 N.W.2d at 510–11.

At the review-reopening hearing, Orris characterized her fibromyalgia as causing her severe muscle pain, fatigue, insomnia, and headaches. She has been prescribed several different medications over the years to assist in alleviating her symptoms. Despite these measures, Orris testified her fibromyalgia symptoms have worsened since the arbitration hearing. Her flare ups were initially mild, lasting from a few days to a few weeks, but now her "flares are a lot more frequent, and they last a lot longer."

In or around Novermber 2011, Orris's sister was diagnosed with breast cancer. Orris moved to Texas in August 2012 to be closer to her sister. The stress associated with the move caused a flare in her fibromyalgia symptoms. In November 2014, Orris's husband was also diagnosed with cancer. Her family members' diagnoses have caused Orris a great deal of stress. Sometime after moving to Texas, Orris spent a brief period of time working as a tutor for a local school district. Working in this position was "strenuous," "fatiguing," and "painful." Orris testified she is "quite aware" that the negative stressors in her life can aggravate her fibromyalgia. She specifically testified that stressors in her life have caused her fibromyalgia symptoms to flare up in the past. In August 2014, Orris was diagnosed with psoriatic arthritis. She conceded at the hearing that this diagnosis is unrelated to her work injury. This condition causes Orris "very intense, stinging" pains in her joints.

Orris's expert, Dr. Bansal, completed an independent medical evaluation of Orris in October 2014. On the issue of causation, Dr. Bansal reported:

> Ms. Orris'[s] clinical course has followed a typical pattern for post traumatic fibromyalgia, initiating from the work injury on May 20, 2005.
> . . . .
> . . . [F]rom both mechanistic and temporal standpoints, her current fibromyalgia is related to her May 20, 2005 injury at College Community Schools. Her continued symptomology has followed a logical medical progression, and is consistent with the medical literature on the subject.

In November 2014, counsel for the appellees sent a letter to Dr. Bagheri, Orris's treating rheumatologist prior to 2011, requesting he review Orris's medical records since her last visit with him and prepare a report reflecting his opinions on Orris's condition. Dr. Bagheri subsequently provided an opinion based on his review of Orris's medical records since he last treated her in December 2011. Dr. Bagheri, discussed a number of studies in his report and ultimately advised, in relevant part, the following:

> Fibromyalgia in general is a condition with occasional, and sometimes frequent, flare-ups. It is not unusual for patients to experience wax and wane in their symptoms, including pain, fatigue and sleep problems. Most patients with fibromyalgia continue to have chronic pain and fatigue . . . .
> . . . .
> . . . "[C]atastrophizing" about the pain of fibromyalgia is associated with increased awareness of pain (as indicated by increased brain activation in response to painful stimuli in functional magnetic resonance images) and also is associated with worsening of, rather than improvement in, symptoms.
> Although fibromyalgia is lifelong, it does not get worse and is not fatal. Some studies show that fibromyalgia symptoms remain stable over the long term, while others report that more than a quarter of patients see improvement in their pain symptoms over time. Studies suggest that regular exercise improves the outlook. People with a significant life crises or who are on disability have a poorer outcome based on their:
>> Ability to work

        Depression
        Disturbed sleep
        Fatigue
        Feelings about their condition
        Pain

In his ruling, the deputy commissioner noted both Dr. Bansal and Dr. Bagheri's reports offered opinions on the issue of causation. The deputy commissioner acknowledged Dr. Bansal's opinion that Orris's 2005 injury was causally related to the increased severity of Orris's symptoms but noted its review of the authorities cited by Dr. Bansal, one of which stated "increased stress can increase symptoms related to fibromyalgia." As to Dr. Bagheri's report, the deputy commissioner noted he "is qualified to provide opinions about the cause of any current symptoms or worsening of [Orris's] condition." In weighing the respective doctors' opinions, the deputy commissioner stated:

> Considering the credibility and accuracy of these competing opinions requires evaluation of the physicians' respective credentials, training, as well as their perspective and ability to assess claimant's condition. Clearly, Dr. Bansal has an advantageous position having evaluated claimant in 2011 and again in 2014. He has clearly evaluated claimant most recently and had a chance to take a recent history from Ms. Orris. Dr. Bansal cites certain medical studies and articles, though he does not really explain the outcomes of those studies or their significance and applicability to this case.
> Dr. Bagheri is a rheumatologist. Treatment of fibromyalgia is clearly within his medical specialty. Dr. Bagheri is familiar with claimant's work injury, her symptoms, and her medical care having served as her rheumatologist. However, he has not observed or examined claimant since 2011.

The deputy commissioner additionally reviewed one of the authorities contemplated in the initial arbitration decision, a brochure issued by the Arthritis Foundation. This brochure provided, "[F]actors such as infectious illness, physical trauma, emotional trauma, or hormonal changes may trigger the

development of generalized pain, fatigue, and sleep disturbances that characterize the condition." The deputy commissioner concluded the "brochure appears to be consistent with the findings and studies cited and discussed by Dr. Bagheri."

The deputy commissioner went on to discuss a number of emotional traumas the record indicated Orris experienced since the arbitration hearing: losing her relationship with her mother due to the stressfulness of the relationship, the stress of moving from Iowa to Texas in 2012, her sister's terminal-cancer diagnosis, her husband's cancer diagnosis, her nephew's illness, and her own diagnosis of psoriatic arthritis. The deputy commissioner concluded:

> These are clearly additional personal life stressors that are unrelated to the original work injury. In fact, claimant admits that personal stressors can and do aggravate her fibromyalgia symptoms.
> . . . .
> Dr. Bagheri's explanation of the typical course of fibromyalgia symptoms as remaining the same or decreasing with time is supported by the medical research he cites. Dr. Bagheri's explanation that stress can cause an increase or exacerbation of fibromyalgia symptoms is supported by the medical research he cites and by claimant's own admission. Dr. Bagheri's opinions appear most consistent with the facts of this case, particularly given the number of stressors in Ms. Orris'[s] life and those stressors temporal relationship to claimant's increase in fibromyalgia symptoms since 2011.
> Therefore, when I weigh the competing causation opinions offered by Dr. Bansal and Dr. Bagheri, I find the opinions of Dr. Bagheri to be more convincing in this case. Having accepted Dr. Bagheri's opinions, I find that Ms. Orris has failed to prove that her increase or exacerbation of fibromyalgia symptoms is causally related to her initial work injury in May 2005.

Orris argues Dr. Bagheri's report is a "non-opinion," and therefore Dr. Bansal's allegedly "uncontroverted" opinions should prevail. We find no error in

the deputy commissioner's finding that Dr. Bagheri's written report included an opinion concerning causation of Orris's current condition. The deputy commissioner then considered the weight to be given to the opinions of Drs. Bansal and Bagheri. Although couched in other terms, Orris is asking us to find Dr. Bansal's opinion should carry more weight than Dr. Bagheri's opinion. As noted above, however, this court is not entitled to reweigh the evidence in a substantial-evidence review of an agency determination—we only determine whether substantial evidence supports the agency finding. *Arndt*, 728 N.W.2d at 394–95. Based on our review of the record, Dr. Bansal's opinion was clearly contradicted by Dr. Bagheri's opinion, supporting authorities, and the factual circumstances of this case. Dr. Bagheri's opinion was supported by substantial evidence, and the findings flowing from the deputy commissioner's adoption of the same are therefore binding upon us. *Fed. Express Corp.*, 852 N.W.2d at 510–11. Giving those findings effect, we conclude Orris failed to meet her burden to prove her original work injury proximately caused her worsened condition. We therefore agree with the district court that the agency's causation finding is sufficiently supported by substantial evidence in the record and should not be disturbed on judicial review. We affirm the district court's denial of Orris's petition for judicial review.

**AFFIRMED.**