# IN THE COURT OF APPEALS OF IOWA

No. 17-1615
Filed July 18, 2018

**ANGELA HARPER,**
　　　　Plaintiff-Appellant,

**vs.**

**LENSING, LTD, d/b/a LENSING FUNERAL HOME and UNITED FIRE & CASUALTY COMPANY,**
　　　　Defendants-Appellees.
_____

　　　　Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.


　　　　Angela Harper appeals a district court ruling on her petition for judicial review of a determination of the workers' compensation commissioner. **AFFIRMED.**


　　　　Matthew D. Dake of Wertz, Dake & Anderson, P.C. Cedar Rapids, for appellant.

　　　　Cory D. Abbas of Patterson Law Firm L.L.P., Des Moines, for appellees.


　　　　Considered by Vaitheswaran, P.J., Tabor, J., and Scott, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**SCOTT, Senior Judge.**

Angela Harper appeals a district court ruling on her petition for judicial review of a determination of the workers' compensation commissioner. She contends the district court erred in failing to remand the case to the commissioner to provide a "logical pathway" outlining the commissioner's industrial-disability determination.[1]

---

[1] This is the only contention for which Harper provides this court with an adequate argument pursuant to Iowa Rule of Appellate Procedure 6.903(2)(g). Harper additionally argues: (1) the court erred in failing to remand the case to require the commissioner to address whether Harper, after her injury, returned to full-time employment or whether she returned to accommodated employment; (2) the failure to remand will deprive her of a meaningful review-reopening proceeding, which in turn violates her right to due process of law; (3) the court erred in affirming the commissioner's decision to not award certain medical expenses; (4) the court erred in affirming the commissioner's denial of healing-period benefits flowing from a subsequent injury and the commissioner's denial of penalty benefits as a result of the alleged wrongful denial of the same.

In support of these contentions, Harper provides her version of the underlying facts and conclusory statements in support of her allegations of error. On each of these issues, however, Harper provides us with very few, and on some issues no, citations to legal authorities to support her position on appeal. Of the citations to legal authority that are actually provided, they are only referenced in passing, without any analysis of such legal authority or how it applies to this case or is otherwise on point. To reach the merits of these issues "would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume." *Ingraham v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974). We therefore deem the arguments waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."); *Ingraham*, 215 N.W.2d at 240; *see also City of Marquette v. Gaede*, 672 N.W.2d 829, 835 (Iowa 2003); *McSpadden v. Big Ben Coal Co.*, 288 N.W.2d 181, 184 (Iowa 1980); *cf. Hanson v. Harveys Casino Hotel*, 652 N.W.2d 841, 843–44 (Iowa Ct. App. 2002). Although Harper does provide some authority to support the second component of her final argument, because we do not consider the first component of that argument, whether the denial of healing-period benefits was appropriate, neither do we consider the second component, whether penalty benefits would have been appropriate. In any event, although Harper largely veils the aforementioned arguments as substantial-evidence challenges, the substance of the arguments reveals they really flow from Harper's disagreement with the agency's weighing of the evidence. We are not entitled to reweigh the evidence in a substantial-evidence review. *See Arndt v. City of Le Claire*, 728 N.W.2d 389, 394–95 (Iowa 2007). We also do not consider any arguments raised for the first time in Harper's reply brief. *See Young v. Gregg*, 480 N.W.2d 75, 78 (Iowa 1992).

## I.    Background Facts and Proceedings

Harper was employed by Lensing Funeral Home (Lensing) as a funeral home director.  She was involved in a motor-vehicle collision on March 23, 2012, while working in the course of her employment with Lensing.  Harper was subsequently diagnosed with various conditions by a number of medical professionals.[2]  She returned to work in June, part time, generally working four to six hours per day.  Harper returned to working full, eight-hour days in October.  As a result of one of the medications Harper was taking at this time, she was unable to work the on-call night shift.  Although Harper's general duties at Lensing were modified, she worked forty or more hours per week.

Harper continued to work for Lensing on a full-time basis until September 2013, when she suffered a fall while carrying laundry down the stairs in her home.  After this fall, Harper did not return to work until October 6, upon which she was placed on light duty.  Her restrictions were lifted on November 18.  In early 2014, Harper was hospitalized for pneumonia, which was unrelated to the original work injury, and missed more work.  Specifically, between late January and early March, Harper missed twenty-four of twenty-seven work days.  After recovering, Harper requested reduced hours upon her return to work.  Lensing ultimately decided to terminate Harper's employment, citing the fact that Harper had exhausted all of her leave and Lensing's desire to have a full-time employee in her position.

---

[2] At the arbitration hearing, Harper generally testified her symptoms included depression, anxiety, headaches, dizziness, vertigo, vision issues, balance issues, photophobia, and issues with her ability to process information.  However, Harper, prior to the March 2012 motor-vehicle collision, received treatment for anxiety, fatigue, depression, dizziness, and headaches.

In March 2014, Harper filed a petition with the workers' compensation commissioner alleging she was owed additional benefits. The parties subsequently stipulated the March 2012 injury was a cause of a permanent partial industrial disability, but did not agree as to the amount of benefits Harper was entitled to as a result thereof. Prior to hearing, Lensing voluntarily paid Harper roughly seventeen weeks of permanent-disability benefits.[3] Lensing disputed Harper's entitlement to any benefits beyond that already voluntarily paid, arguing Harper's industrial disability was minimal.

Following an arbitration hearing, the deputy commissioner noted Harper's impairment to the body as a whole amounted to an industrial disability, but concluded Harper was not entitled to any additional permanent-disability benefits beyond what Lensing previously paid. Harper appealed this ruling to the commissioner, who affirmed "the deputy commissioner's finding that [Harper] is not entitled to any additional permanent disability benefits beyond what was voluntarily paid by [Lensing] prior to the arbitration hearing." In his ruling, the commissioner noted his agreement with the deputy commissioner that the causation opinions of two experts, Dr. Robert Jones and Dr. Robert Broghammer were entitled to greater weight than the causation opinions of other medical providers who determined the March 2012 injury caused a more substantial permanent disability. Harper moved for a rehearing, requesting, among other

---

[3] In the hearing report, the parties stipulated the applicable rate of compensation based on Harper's circumstances was $529.10 per week. The parties additionally stipulated that Lensing, prior to the hearing, paid Harper fifteen weeks of benefits at this rate. The evidence presented, however, shows that in early September 2014, Lensing voluntarily paid Harper $9020.13 in permanent-disability benefits. Applying the stipulated rate of compensation, this would amount to just under 17.05 weeks of benefits which, in turn, amounts to a 3.4% industrial disability. *See* Iowa Code § 85.34(2)(u) (2014).

things, a more thorough evaluation of the industrial-disability determination in light of the parties' stipulation Harper sustained a permanent disability. In his rehearing decision, the commissioner clarified that the stipulation that Harper suffered a permanent disability was accepted, but noted Harper's "industrial disability, or loss of earning capacity, did not exceed permanent partial disability benefits already paid." The commissioner also repeated his reliance on the medical opinions of Dr. Jones and Dr. Broghammer.

Harper filed a petition for judicial review. Following a hearing, the district court affirmed the decision of the commissioner and denied Harper's petition, concluding "the agency's decision is sufficient as it is possible to deduce the agency's legal conclusions and findings that [Harper] suffered minimal industrial disability and was not entitled to benefits in addition to those already paid." The court denied Harper's subsequent motion to enlarge or amend, and this appeal followed.

## II. Standard of Review

"Judicial review of agency decisions is governed by Iowa Code section 17A.19." *Brakke v. Iowa Dep't of Nat. Res.*, 897 N.W.2d 522, 530 (Iowa 2017) (quoting *Kay-Decker v. Iowa State Bd. of Tax Review*, 857 N.W.2d 216, 222 (Iowa 2014)); *accord Warren Props. v. Stewart*, 864 N.W.2d 307, 311 (Iowa 2015). The district court acts in an appellate capacity in judicial-review proceedings. *Iowa Med. Soc'y v. Iowa Bd. of Nursing*, 831 N.W.2d 826, 838 (Iowa 2013) (quoting *City of Sioux City v. GME, Ltd.*, 584 N.W.2d 322, 324 (Iowa 1998)). On appeal, this court "appl[ies] the standards of section 17A.19(10) to determine if we reach the same results as the district court." *Brakke*, 897 N.W.2d at 530 (quoting *Renda v.*

*Iowa Civil Rights Comm'n*, 784 N.W.2d 8, 10 (Iowa 2010)); *accord Des Moines Area Transit Auth. v. Young*, 867 N.W.2d 839, 842 (Iowa 2015). Relief in a judicial-review proceeding is appropriate only "if the agency action prejudiced the substantial rights of the petitioner and if the agency action falls within one of the criteria listed in section 17A.19(10)(a) though (n)." *Brakke*, 897 N.W.2d at 530.

"Our review of a decision of the workers' compensation commissioner varies depending on the type of error allegedly committed by the commissioner." *Jacobson Transp. Co. v. Harris*, 778 N.W.2d 192, 196 (Iowa 2010). Where, as here, the alleged "error is one of fact, we must determine if the commissioner's findings are supported by substantial evidence." *Id.*; *see* Iowa Code § 17A.19(10)(f). This court is not entitled to reweigh the evidence in a substantial-evidence review—we only determine whether substantial evidence supports the agency finding. *Arndt*, 728 N.W.2d at 394–95. "Evidence is substantial when a reasonable person could accept it as adequate to reach the same findings." *Bearinger v. Iowa Dep't of Transp.*, 844 N.W.2d 104, 106 (2014) (quoting *Ludtke v. Iowa Dep't of Transp.*, 646 N.W.2d 62, 65 (Iowa 2002)). "If the agency's findings are supported by substantial evidence, those findings are binding upon us." *Fed. Express Corp. v. Mason City Human Rights Comm'n*, 852 N.W.2d 509, 510–11 (Iowa Ct. App. 2014).

**III.    Analysis**

Harper contends the agency improperly failed to provide a "logical pathway" outlining its industrial-disability determination and the district court improperly failed to remand the case to the agency to correct the same. Specifically, Harper

complains the agency pulled its industrial-disability finding "out of thin air, with no explanation."

The commissioner has a duty to state the evidence relied upon and to detail the reasons for the conclusions reached. *IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 633 (Iowa 2000). Additionally, the commissioner "must sufficiently detail [his or] her decision to show the path [he or] she has taken through conflicting evidence." *Id.* at 633–34. These requirements are "satisfied if the reviewing court is able to determine with reasonable certainty the factual basis on which the administrative officer acted." *Myers v. F.C.A. Servs., Inc.*, 592 N.W.2d 354, 356 (Iowa 2000). The agency "decision is sufficient if '"it is possible to work backward [from the agency's written decision] and to deduce what must have been [the agency's] legal conclusions and [its] findings."'" *Al-Gharib*, 604 N.W.2d at 634 (alterations in original) (quoting *Norland v. Iowa Dep't of Job Serv.*, 412 N.W.2d 904, 909 (Iowa 1987)). "To do so is to recognize our duty to broadly and liberally apply the commissioner's findings to uphold rather than defeat the commissioner's decision." *Id.* The commissioner is not required to set out verbatim all the testimony or evidence in its ruling, and a losing party cannot successfully urge the commissioner did not consider all the evidence just because the commissioner specifically refers to only some of the evidence. *Myers*, 592 N.W.2d at 356. "It is permissible for the reviewing court to determine the commissioner 'could have' or 'might have' considered certain pieces of supporting evidence." *Id.* at 357. "The commissioner, as the fact finder, determines the weight to be given to any expert testimony," and "[s]uch weight depends on the accuracy of the facts relied upon by the expert and other surrounding circumstances." *Sherman v. Pella Corp.*, 576

N.W.2d 312, 321 (Iowa 1998). "The commissioner may accept or reject the expert opinion in whole or in part." *Id.*

In his appeal and rehearing rulings, the commissioner specifically noted his reliance on the expert opinions of Dr. Jones and Dr. Broghammer in reaching his ultimate determination that Harper's industrial disability was minimal, and Harper was therefore not entitled to permanent partial disability benefits beyond those already paid by Lensing. Likewise, the deputy commissioner detailed his reasoning for rejecting the other medical opinions Harper believes should control.

Both doctors' reports detail why each believed Harper's industrial disability was minimal or non-existent and are substantial evidence in support of the commissioner's ultimate conclusion that Harper's industrial disability flowing from the March 2012 collision was minimal. *See Ludtke*, 646 N.W.2d at 65 ("Evidence is substantial when a reasonable person could accept it as adequate to reach the same findings. Conversely, evidence is not insubstantial merely because it would have supported contrary inferences, or because two inconsistent conclusions could be drawn from it."); *see also Arndt*, 728 N.W.2d at 395 ("The reviewing court only determines whether substantial evidence supports a finding '*according to those witnesses whom the [commissioner] believed.*'" (alteration in original) (quoting *Tim O'Neill Chevrolet, Inc. v. Forristall*, 551 N.W.2d 611, 614 (Iowa 1996))). Because we are "able to determine with reasonable certainty the factual basis on which the [commissioner] acted," *Myers*, 592 N.W.2d at 356, we conclude the commissioner sufficiently showed the path he took through the conflicting evidence. *See Al-Gharib*, 604 N.W.2d at 633. "Although a fact finder might have reached a different and inconsistent conclusion from this record, our rules mandate

we are nevertheless bound by the conclusion the commissioner reached." *Id.* at 635. Finally, although the commissioner's industrial-disability determination was not as precise as Harper desires, we note the "commissioner is not required to fix disability with precise accuracy." *Myers*, 592 N.W.2d at 357. The commissioner's determination that Harper was not entitled to any additional industrial-disability benefits beyond what Lensing already paid was sufficient. Having considered the only issue properly presented, we find no error in the district court's decision not to remand to the agency and affirm the district court's denial of Harper's judicial-review petition.

**AFFIRMED.**